**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4053**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

DYLON DAVID ALEXTRO DOWNER,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge.  (4:17-cr-00465-RBH-2)

Submitted:  October 16, 2018                Decided:  October 23, 2018

Before WYNN and THACKER, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Mark C. McLawhorn, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Florence, South Carolina, for Appellant.  William E. Day, II, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dylon David Alextro Downer appeals his conviction and 51-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 846 (2012). On appeal, Downer's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether: (1) Downer's guilty plea is valid; (2) Downer's appeal waiver is enforceable; and (3) we lack jurisdiction to review Downer's sentence because it was imposed pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement. Downer was notified of his right to file a pro se supplemental brief but has not done so.

Following an initial *Anders* review, we directed the parties to provide merits briefs addressing a single issue: whether in light of *Hughes v. United States*, 138 S. Ct. 1765 (2018), we have jurisdiction to review Downer's Rule 11(c)(1)(C) sentence. Downer has filed a brief arguing that we may properly exercise appellate review of his sentence. The Government now moves to dismiss the appeal pursuant to the appeal waiver provision in Downer's plea agreement. Downer does not oppose the motion. For the reasons that follow, we dismiss the appeal.

We review de novo the validity of an appeal waiver, "consider[ing] the totality of the circumstances." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted), *petition for cert. docketed*, __ U.S.L.W. __ (U.S. Oct. 12, 2018) (No. 18-6304). "[W]e will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir.

2

2016).  "An appellate waiver is valid if the defendant's agreement to the waiver was knowing and intelligent."  *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012).  "Generally, . . . if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid."  *McCoy*, 895 F.3d at 362 (internal quotation marks omitted).

In the *Anders* brief, Downer concedes that his appeal waiver was knowingly and intelligently made and, thus, enforceable.  Our review of the plea hearing and the record in its entirety reveals that this concession is well taken, as Downer's waiver was both knowing and intelligent.  Further, Downer does not argue that any issues—including the issue on which we directed briefing—fall outside the scope of his valid appeal waiver, and we conclude that his appellate challenge falls within that waiver's broad compass.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal that fall outside the scope of the appeal waiver.  We therefore grant the Government's motion to dismiss and dismiss the appeal.  This court requires that counsel inform Downer, in writing, of the right to petition the Supreme Court of the United States for further review.  If Downer requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Downer.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*